Annie S. Wang (CA SBN 243027)
annie@wangalc.com
J. Andrew Coombs, Of Counsel (CA SBN 123881)
andy@wangalc.com
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc.,<br><br>    Plaintiffs,<br><br> v.<br><br>Oleksandr Benedychuk; Wisemine Trading Ltd.; Vasyl Kedyk; Sitrol Intertrading Ltd. A/K/A Kekrodi Intertrading Ltd.; Denis Smotrov; Denis Smotrov LLC; Anton Hashynov; Vladislav Bondarenko; Viktor Boiko; Laszlo Kedik; Andrey Klimenko; Iurii Ganychenko; Andriy Stebliv; Larysa Ponomarenko; Volodymyr Shevchun; Liliia Stakhova; Veleriya Kosolapova; Nina Kozlova; Denis Evseev; Tymur Isaiev; Ihor Kobylinskyi; Vladyslav Pankov; Andrii Pavlov; Roman Kholodov; Anton Kovalkov; Oleksandr Bobyr; and Does 1-10, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-07560-AB (FFMx)<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER FOR ALTERNATIVE EMAIL SERVICE, AND FOR EXTENSION OF TIME TO SERVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS AND EXHIBITS IN SUPPORT** |

Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") in the interests of an expeditious resolution of claims and the realities of litigation against parties who conduct infringement relatively anonymously over the

i

Internet, hereby apply, *ex parte,* to this Court for issuance of an Order pursuant to Federal Rules of Civil Procedure, Rules 4(f)(3), 4(e)(1) and California Code of Civil Procedure § 413.30, Nev. R. Civ. P. 4.4(b), and New York Consolidated Laws, Civil Practice Law and Rules ("CPLR") § 308(5), as applicable, for the following:

1) allowing email service of the Summons and First Amended Complaint in this matter upon Defendants Oleksandr Benedychuk, Vasyl Kedyk, Denis Smotrov, Denis Smotrov LLC, Anton Hashynov, Laszlo Kedik, Veleriya Kosolapova, Ihor Kobylinskyi, and Iurii Ganychenko (collectively "Email Defendants") as well as a short enlargement of time to serve in order to do so; and

2) a six (6) month enlargement of time to serve Defendants Wisemine Trading Ltd., Sitrol Intertrading Ltd. A/K/A Kekrodi Intertrading Ltd., Viktor Boiko, Andrey Klimenko, Nina Kozlova, Andriy Stebliv, Volodymyr Shevchun, Liliia Stakhova, Larysa Ponomarenko, Denis Evseev, Oleksandr Bobyr, Roman Kholodov, Andrii Pavlov, Vladyslav Pankov, Anton Kovalkov, and Tymur Isaiev (collectively "Alleged International Defendants").

Despite significant investigative and service efforts outlined in the attached Declarations and Exhibits, Defendant Vladislav Bondarenko is the only Defendant Plaintiffs have successfully served via traditional means, albeit by substituted service, and even though multiple of the Defendants identified that same address as their address. Dkt 86; Declaration of Annie S. Wang ("Wang Decl.") at ¶ 6, Ex. A. Email service to email addresses associated with each of the Email Defendants as identified by reliable third-party service providers such as their banks and financial accounts, or UPS Store locations used in connection with the infringement, as well as available public information, is needed because the Defendants are either (i) evading service or their current locations are unknown, and (ii) their heavy reliance on online service providers to perpetuate their infringing business demonstrates that email is the best

ii

way to provide them notice of Plaintiffs' claims, to avoid any further wild goose chases as to these defendants, and to move the case forward.

Plaintiffs have also been unable to definitively locate the principals for Wisemine Trading Ltd. and Sitrol Intertrading Ltd. A/K/A Kekrodi Intertrading Ltd. though they have obtained potential addresses for service for these entities in Cyprus ("Cyprus Defendants"), and have been unable to find Defendants Andrey Klimenko, Viktor Boiko, Nina Kozlova, Andriy Stebliv, Volodymyr Shevchun, Liliia Stakhova, Larysa Ponomarenko, Denis Evseev, Oleksandr Bobyr, Roman Kholodov, Andrii Pavlov, Vladyslav Pankov, Anton Kovalkov, and Tymur Isaiev in the United States, though Plaintiffs have obtained potential addresses in the Ukraine which may be valid for service.  Plaintiffs are actively trying to verify the currently known international addresses.  Wang Decl. at ¶ 15.  Based upon current estimates received from international process servers, after the addresses are verified, if any, additional time will be needed to attempt service on the Alleged International Defendants before Plaintiffs' current deadline of August 15th pursuant to Fed. R. Civ. P. 4(m), and therefore Plaintiffs also request the Court for an additional six (6) months within which to effect service of process on the Alleged International Defendants for which a relatively current and potentially valid international address is known.

This application is made in the interests of justice and pursuant to the Court's inherent equitable power to authorize alternate means of service as provided by Federal Rules of Civil Procedure, Rules 4(f)(3), 4(e)(1) and California Code of Civil Procedure § 413.30, Nev. R. Civ. P. 4.4(b), and New York Consolidated Laws, Civil Practice Law and Rules ("CPLR") § 308(5), as applicable.  This application is based upon the Memorandum of Points and Authorities, the Declarations filed in support, including Exhibits attached thereto, the First Amended Complaint and any other papers and records on file in this action and upon such additional evidence and arguments as may be present at, or before the hearing, on Plaintiffs' Application.

As reflected in the accompanying proof of service filed concurrently, Plaintiffs

iii

have, in an abundance of caution, served copies of the present Application on the email addresses associated with the Amazon.com Seller Accounts that were used in the underlying infringement as well as on Defendant Bondarenko by First Class Mail and email and have notified them that any opposition papers must be filed no later than 24 hours (or one court day) following such service.  Pursuant to Local Rule 7-19, there have been no responses or contacts from any of the Seller Account email addresses, any of the Defendants, or anyone representing the Defendants.

Plaintiffs have been unable to locate the Defendants at issue for traditional service in the United States and, while these Defendants may already have notice of the lawsuit in part due to the shutdown of their Amazon.com accounts and the freezing and transfer of their funds or from the service of the pleadings to email addresses associated with those Seller Accounts, the requested relief is necessary to remove concerns that these Defendants were not provided adequate notice of the pending lawsuit.

Dated:  August 14, 2019                    Wang Law Corporation

By: _/s/ Annie S. Wang_____
        Annie S. Wang
        J. Andrew Coombs, Of Counsel
Attorneys for Plaintiffs Seiko Epson
Corporation and Epson America, Inc.

# TABLE OF CONTENTS

**INTRODUCTION**                                                                                1

**STATEMENT OF FACTS**                                                                          4

    A.    Defendants Are Engaged in Infringing Activities Within This District   4

    B.    Defendants Rely Exclusively on Electronic Communications              5

**ARGUMENT**                                                                                    6

    A.    The Court May Authorize Service via Electronic Mail Pursuant to

           Federal Rule of Civil Procedure 4                                  6

    B.    Plaintiffs Demonstrate Cause Permitting an Enlargement of Time

           Within Which to Effect Service of Process                          11

**CONCLUSION**                                                                                  14

Declaration of Annie S. Wang                                                                     16

Declaration of Herb Seitz                                                                        24

v

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Chanel, Inc. v. Curry</u>,
2015 U.S. Dist. LEXIS 179689 at **14-15 (S.D. Fla. April 16, 2015) .......................9

<u>Chloe Sas v. Sawabeh Info. Servs. Co.</u>,
2011 U.S. Dist. LEXIS 161041 at **23-26 (C.D. Cal. May 17, 2011).........................9

<u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007) ....................................... 12, 14

<u>Facebook, Inc. v. Banana Ads, LLC</u>,
2012 U.S. Dist. LEXIS 42160, **4-10 (N.D. Cal. March 27, 2012) ...........................9

<u>Henderson v. United States</u>, 517 U.S. 654, 661 (1996)................................................12

<u>Mann v. Am. Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003)........................................12

<u>Mid-Continent Wood Products, Inc. v. Harris</u>, 936 F.2d 297, 303 (7th Cir. 1990) ......14

<u>Motley v. Parks</u>, 2001 U.S. Dist. LEXIS 12479, at *17 (C.D. Cal. July 23, 2001) .....14

<u>MPS IP Services, Corp. v. Modis Communications, Inc.</u>,
2006 U.S. Dist. LEXIS 34473, **1-4 (M.D. Fla. May 30, 2006) .................................9

<u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)...............6, 10

<u>Nikwei v. Ross School of Aviation, Inc.</u>, 822 F.2d 939, 942 (10th Cir. 1987).............14

<u>Noco Co. v. Shenzhen Anband Tech.</u>,
2018 U.S. Dist. LEXIS 44545, **6-7 (N.D. Ohio Mar. 18, 2018)................................8

<u>Philip Morris USA Inc. v. Veles Ltd.</u>,
2007 U.S. Dist. LEXIS 19780 , ** 5-7 (S.D.N.Y. March 13, 2007)............................9

<u>Popular Enterprises LLC v. Webcom Media Group, Inc.</u>,
225 F.R.D. 560, 563 (E.D. Tenn. 2004) ......................................................................8

<u>Rio Props. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1017 (9th Cir. 2002)................ 6, 8-11

<u>Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance Co.</u>,
2018 U.S. Dist. LEXIS 87968, * *1-2 (S.D. Cal. May 24, 2018) .................................9

<u>Williams v. Advertising Sex LLC</u>, 231 F.R.D. 483 (N.D. West Va. 2005)...................9

<u>Williams-Sonoma Inc. v. Friendfinder, Inc.</u>,
2007 U.S. Dist. LEXIS 31299, **5-6 (N.D. Cal. April 17, 2007) ..........................8, 11

**Rules**

Fed. R. Civ. P. 4(e)(1)........................................................................ ii, iii, 2, 8

Fed. R. Civ. P. 4(f) ........................................................................... 2, 8-11

Fed. R. Civ. P. 4(m) ............................................................................. iii, 12

Fed. R. Civ. P. 6(b) .............................................................................. 11-12

Nev. R. Civ. P. 4.4(b) ...................................................................... ii, iii, 2, 8

New York Consolidated Laws, Civil Practice Law and Rules

("CPLR") § 308(5) .......................................................................... ii, iii, 2, 8

**Statutes**

Cal. Civ. P. Code §413.30 ............................................................... ii, iii, 2, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs bring this action to combat the widespread infringement of their trademark rights by a network of individuals and entities who conduct extensive online sales, including sales on the Website, using a variety of fanciful seller accounts most of which sold purported "Epson" products exclusively using Fulfillment by Amazon ("FBA") services, some of which are identified in Exhibit B to the First Amended Complaint ("Seller Accounts").  Dkt. 53 at Ex. B.  Their use of Amazon.com, Inc.'s FBA services, shields their personal information.  Only through extensive third-party discovery ordered by this Court, Dkts. 12, 48, were Plaintiffs able to identify numerous key players in the infringement and filed their First Amended Complaint to bring those responsible for the infringement to light.

All of the email addresses reported by Amazon as connected to the Seller Accounts through which the infringement was carried out were served with all of the pleadings in this case, including the First Amended Complaint and Summonses.  Dkts. 53, 87.  Plaintiffs have at the very least put Defendants on notice of these proceedings pursuant to the Court's prior orders permitting service by email.  Dkts. 12, 48.  Plaintiffs bring this application in an abundance of caution with the aim to provide clear notice of these proceedings to all of the newly identified Defendants and of the default which will follow from their continued failure to respond.

Plaintiffs allege that the Defendants, and each of them, had the right and ability to supervise or control the infringing activity alleged herein and that they each had a direct financial interest in such activity.  The Defendants and their Seller Accounts are subject to the jurisdiction of this Court through their promotion, distribution, advertisement and/or sale of the Counterfeit Products which infringe the Trademarks within this judicial district.

Even before filing the First Amended Complaint, Plaintiffs employed significant efforts to identify and locate these Defendants.  Unfortunately, the Email Defendants have provided little information other than their email addresses and have provided invalid residential addresses, or appear to be evading service, such that efforts to personally serve Defendants have been unsuccessful.  Wang Decl. at ¶¶ 2-16; Declaration of Herb Seitz ("Seitz Decl.") at ¶¶ 2-3; Declaration of Herb Seitz in Support of *Ex Parte* Application for (1) TRO; (2) OSC re Issuance of PI; (3) Order Restraining Transfer of Assets; (4) Order for Disclosure of Information; and (5) Order for Alt. Service, Dkt. No. 5 ("Seitz *TRO* Decl.") at ¶¶ 1-18; Status Report and Response to OSC, Dkt. No. 51 ("Status Report") at pp. 1:26-4:6.  Plaintiffs have been actively researching the Alleged International Defendants: while they all provided email addresses to their third-party service providers, they provided no valid residential addresses or other information which would enable service in the United States.  Plaintiffs continue to verify the foreign addresses provided to see if they are valid for service attempts to be made abroad which Plaintiffs are informed could take an additional 4-6 months.  Wang Decl. at ¶ 15.

Accordingly, Plaintiffs request an order allowing service of process on all of the Email Defendants via email pursuant to Fed. R. Civ. P. 4(f)(3), and, in the alternative, pursuant to Fed. R. Civ. P. 4(e)(1), and Cal. Civ. P. Code 413.30, for Defendants Hashynov, Kedik, Kosolopova, Kobylinksyi, and Ganychenko who claim to reside in California, Nev. R. Civ. P. 4.4(b) for Defendants Smotrov and Denis Smotrov LLC (which does not appear to be a registered Nevada LLC) who claim to reside in Nevada, and CPLR § 308(5) for Defendant Kobylinksyi who claimed to reside in California previously, but may currently reside in New York. Email service is necessary in this case, because the Email Defendants (1) are either evading service or their locations are not known, and (2) they rely heavily on electronic communications to operate their businesses relatively anonymously via the

Internet in order to conceal their locations and avoid liability for their unlawful conduct.  Notwithstanding the Email Defendants' concealment of their physical locations or evasion of service, Plaintiffs still have the ability to contact the Email Defendants directly and provide notice of Plaintiffs' claims against them. Specifically, Plaintiffs have identified the following email addresses for the Email Defendants as summarized below:

| Defendant | Email Address | Source |
|---|---|---|
| Oleksandr Benedychuk | o.benedychuk@yahoo.com | Email address(es) provided to entity specializing in facilitating the transfer of money received from Amazon seller accounts to overseas recipients, and associated accounts in fact received money from Seller Accounts ("US Forex").  Wang Decl. at ¶¶ 12-13. |
| Vasyl Kedyk | sitrol.company@gmail.com | |
| Denis Smotrov | coast0220@gmail.com | Email address(es) provided to UPS Store(s) designated by Seller Accounts to receive the return of product from Amazon. Id. at ¶ 4. |
| Denis Smotrov LLC | coast0220@gmail.com | |
| Anton Hashynov | antongari1212@gmail.com antongaril1212@gmail.com | |
| Laszlo Kedik | coast0220@gmail.com laszlokedik@gmail.com | |
| Veleriya Kosolapova | depa00777@gmail.com | |
| Ihor Kobylinskyi | fox80801@gmail.com | |

| Iurii Ganychenko | iurii_ganychenko@ukr.net | Email address obtained from publicly available resources.  Id. at ¶ 11. |
|---|---|---|

Plaintiffs respectfully submit that the most efficient and reliable means by which all of the Defendants may be apprised of the pendency of this action is by email service, but as to those Email Defendants whose current whereabouts are unknown and for which Plaintiffs have no other valid addresses, an order allowing service of process via email will benefit all parties and the Court by ensuring the Email Defendants receive immediate notice of the pendency of this action sufficient to support entry of default judgment, and to allow this action to move forward.

Despite Plaintiffs' efforts to find all Defendants in the United States given their critical reliance and use of service providers based in the United States and the frequent use of each other's information, those efforts have not been successful. Plaintiffs are actively vetting potentially valid international addresses through resources abroad which requires additional time.  Wang Decl. at ¶ 15.  Without the requested relief, Plaintiffs will almost certainly be left without the ability to pursue a remedy, and Defendants will be able to continue, without consequence, with their infringing activities as Plaintiffs believe they continue to do presently.

## II.    STATEMENT OF FACTS

### A.    Defendants Are Engaged in Infringing Activities Within This District.

Plaintiffs allege that all Defendants operated, managed, and/or maintained an international counterfeiting scheme, using in part, the Website and a prolific roster of Seller Accounts to infringe Plaintiffs' rights by the unlawful offer, distribution, and sale of ink cartridges and ink bottles using identical, unauthorized copies of Plaintiffs' trademarks on counterfeit retail box packaging with falsified "Best Before" dates ("Counterfeit Products").  Multiple samples of the Counterfeit

Products were purchased and shipped in the District where Plaintiff Epson America, Inc. is domiciled, information that is reflected on the packaging for the Counterfeit Products.  Seitz TRO Decl. at ¶¶ 1-18.  The Counterfeit Products are described as new or genuine when they are in fact infringements and are also frequently significantly altered, expired or near expired, and used.  Id.  As part of their operation, a network of UPS Store boxes were maintained by the Seller Accounts and several Defendants, mostly concentrated in Southern California where this Court is located.  Seitz Decl. at ¶ 2.  The Defendants also use a variety of Amazon services to avoid detection while benefitting from Amazon's high market visibility and business services.  First Amended Complaint ("Compl.") at ¶¶ 3, 11-47.  While Defendants' current locations are by design, not known or difficult to verify, Defendants' actions are unquestionably directed at Plaintiff Epson America, Inc. and Internet users within the Central District of California.

**B.     Defendants Rely Exclusively on Electronic Communications.**

Defendants have structured their activities so that the only effective means of communication is through the Internet.  This means the Defendants can be physically located either in the United States or abroad at any time.  Defendants provided Amazon.com with fanciful seller names, invalid seller addresses and addresses for private mailboxes rented by numerous of the Defendants at over a dozen UPS Stores throughout the United States the majority of which were located in Southern California.  Wang Decl. at ¶ 4; Seitz Decl. at ¶ 2.  The addresses and/or documentation with addresses provided by Defendants to the various UPS Stores were either falsified or invalid for purposes of service.  Wang Decl. at ¶¶ 4-10.  Some of the Defendants also linked their Seller Accounts to banks which had only foreign contact information for them.  Id. at ¶¶ 12-15.  However, Defendants provided email addresses through which the third-party service providers communicated with them.  Id. at ¶¶ 4, 12-14.  Specifically, Defendants have received

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time                                                                                      - 5 -

payments and notices regarding sales from Amazon, notices of payment deposits or transfers from US Forex and First Century Bank, or notices of receipt of packages from the various UPS Stores through the provided email addresses and would thus have an incentive to make sure these email addresses are correct and up-to-date in order to ensure payment and receipt of notifications.  Id. at ¶ 4, 12-14.  Defendant Ganychenko could not be found at the addresses he used and despite service of a subpoena, his email address was not provided by his bank, however, his email address was acquired from reliable public sources that provide additional indicia of accuracy.  Id. at ¶ 11.  Accordingly, the fastest means to contact all of the Defendants and only reliable means to contact the Email Defendants is through email communication.

## III.   ARGUMENT

### A.   The Court May Authorize Service via Electronic Mail Pursuant to Federal Rule of Civil Procedure 4.

Controlling authority instructs that "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."  Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002) (authorizing service via email) citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  In its reasoning, the Ninth Circuit stated that "[i]n proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance."  Id.  Even in 2002, the Ninth Circuit endorsed service by email citing with approval that a defendant "can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut."  Id. (citations omitted).  As Plaintiffs have shown that the Defendants have either purposefully concealed the location of their physical "office" through the provision of inaccurate information for

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of Time

- 6 -

proposes of traditional service, or are evading service, Plaintiffs request an order allowing service of process on the above identified Defendants via email.

Plaintiffs have diligently investigated the Email Defendants seeking to locate a valid physical address for service for each, without success.  Plaintiffs previously filed an *ex parte* application, which was granted by the Court, which included an order for disclosure of information from Amazon and permitted Plaintiffs to conduct discovery on Defendants' third-party service providers. Dkt. Nos. 12, 48.  Plaintiffs in fact undertook extensive efforts to identify and locate the Defendants.  Wang Decl. at ¶¶ 4-16.  Plaintiffs have also searched online and publicly available records for information regarding the Email Defendants' whereabouts but have been unable to determine valid addresses for service of process.  Id. at ¶¶ 4-16.  Plaintiffs uncovered physical, personal addresses for Defendants Denis Smotrov, Denis Smotrov LLC, Anton Hashynov, Laszlo Kedik, Andrey Klimenko, Iurii Ganychenko, Veleriya Kosolapova, Viktor Boiko and Ihor Kobylinskyi in the United States[1]; however, most were invalid and/or upon attempts at personal service the defendant appeared to be evading service.  Id. at ¶¶ 4-11.  As a result of the Email Defendants' own efforts to conceal their locations, Plaintiffs are unable to determine their physical whereabouts for service.[2]

For those Defendants that have represented themselves to be located in the United States, Defendants may be served in accordance with state law providing for alternative service.  Fed. R. Civ. P. 4(e)(1).  California state law provides that

---

[1] Defendants Boiko and Klimenko are included in the request for additional time in an abundance of caution as Plaintiffs were able to obtain a potentially valid address for each of them in the Ukraine which are currently being researched.

[2] Plaintiffs also uncovered potentially valid residential addresses in the Ukraine for Defendants Andrey Klimenko, Viktor Boiko, Nina Kozlova, Andriy Stebliv, Volodymyr Shevchun, Larysa Ponomarenko, Liliia Stakhova, Denis Evseev, Oleksandr Bobyr, Roman Kholodov, Andrii Pavlov, Vladyslav Pankov, Tymur Isaiev and Anton Kovalkov, from Defendants' third-party service providers, but in an abundance of caution, Plaintiffs have turned to internationally based resources to research these addresses further.  Wang Decl. at ¶ 15; Seitz Decl. at ¶ 3.

"[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."  Cal. Civ. P. Code 413.30.  Nevada state law provides for Court-Ordered Service when traditional means are impracticable.  Nev. R. Civ. P. 4.4(b).  New York state law provides that service shall be made "in such manner as the court, upon motion without notice, directs," if service is otherwise impracticable.  CPLR § 308(5).  As set forth above, the traditional means of service are impracticable because either there is no valid address for service of process or the defendant appears to be evading service, and the Defendants are engaged in internet-based commercial activities and rely entirely on communications through email to conduct their business.  Wang Decl. at ¶¶ 4-11.  Service via email is, therefore, the best method for providing actual notice to the Email Defendants regarding their Internet-based infringement.

Even if the Email Defendants are located abroad, a number of Courts have held that alternate forms of service pursuant to Rule 4(f), including email service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw."  Popular Enterprises LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (allowing email service) *citing* Rio Props., 284 F.3d at 1018; *see also* Noco Co. v. Shenzhen Anband Tech., 2018 U.S. Dist. LEXIS 44545, **6-7 (N.D. Ohio Mar. 18, 2018) (authorizing email service and via Amazon's Message Center); Williams-Sonoma, Inc. v. Friendfinder, Inc., 2007 U.S. Dist. LEXIS 31299, **4-7 (N.D. Cal. April 17, 2007) (allowing email service); Philip Morris USA Inc. v. Veles Ltd., 2007 U.S. Dist. LEXIS 19780 , ** 5-7 (S.D.N.Y. March 13, 2007) (confirming email service); Williams v. Advertising Sex LLC, 231 F.R.D. 483, 488 (N.D. West Va. 2005) (allowing email service); MPS IP Services, Corp. v. Modis Communications, Inc., 2006 U.S. Dist.

LEXIS 34473, **1-4 (M.D. Fla. May 30, 2006) (allowing the plaintiffs to effect service on Canadian citizen via email, facsimile and regular mail); <u>Chloe Sas v. Sawabeh Info. Servs. Co.</u>, 2011 U.S. Dist. LEXIS 161041 at **23-26 (C.D. Cal. May 17, 2011) (service by email); <u>Facebook, Inc. v. Banana Ads, LLC</u>, 2012 U.S. Dist. LEXIS 42160, **4-10 (N.D. Cal. March 27, 2012) (same); <u>Chanel, Inc. v. Curry</u>, 2015 U.S. Dist. LEXIS 179689 at **14-15 (S.D. Fla. April 16, 2015) (service by email/online contact form and website); <u>Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance Co.</u>, 2018 U.S. Dist. LEXIS 87968, * *1-2 (S.D. Cal. May 24, 2018) (by email and website publication).  Plaintiffs submit that allowing email service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decision to conduct their illegal Internet-based activities relatively anonymously.

Plaintiffs have made good faith efforts to serve the Email Defendants with potentially valid addresses even though a party is not required to first attempt methods of service outlined in Rule 4 before petitioning the court for relief to serve via alternative means under Rule 4(f)(3) for example.  Wang Decl. at ¶¶ 4-11; <u>Rio Props.</u>, 284 F.3d at 1015-16.  The fact that only one Defendant has been successfully served (albeit by substituted service), highlights the need for the requested relief.  As the Ninth Circuit explained in <u>Rio Props.</u> with international defendants in mind in particular:

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.
>
> … Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the

inevitable conclusion that service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." It is merely one means among several which enables service of process on an international defendant.

Rio Props., 284 F.3d at 1015.

Additionally, the method of service of process "must also comport with constitutional notions of due process." Id. at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. citing Mullane, 339 U.S. at 314. The Ninth Circuit in Rio Props. held, "without hesitation," that email service of an online business defendant "was constitutionally acceptable." Rio Props., 284 F.3d at 1017. The Court concluded "not only that service of process by e-mail was proper – that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond – but in this case, it was the method of service most likely to reach [the defendant]." Id. The Court reached this conclusion, in part, because the defendant, like the Defendants herein, conducted its business over the Internet, used email regularly in its business, and encouraged parties to contact it electronically.

Moreover, it is unlikely international agreements are implicated given that the Email Defendants identified themselves as residing in the United States and/or their current locations are unknown, however, Courts have routinely found that email service or its equivalent are not prohibited by international agreements such as the Hague Convention when the defendants' current physical addresses are not known.[3] Wang Decl. at ¶¶ 4-14. The Ninth Circuit has stated that "as long as court-directed

---

[3] Art. 1, 20 U.S.T. 361 (by its own terms "This Convention shall not apply where the address of the person to be served with the document is not known." Id.). The Ninth Circuit has also stated that "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Rio Props., 284 F.3d at 1014.

1 and not prohibited by an international agreement, service of process ordered under

2 Rule 4(f) may be accomplished in contravention of the laws of the foreign country."

3 Rio Properties, 284 F.3d at 1014.[4]  Hence, Plaintiffs submit that allowing service of

4 process via email upon the Email Defendants is not prohibited by International Law.

5 Plaintiffs respectfully submit that this factor should not bar the relief requested.

6       As the Email Defendants' current locations are not known whether in the

7 United States, Ukraine, or elsewhere, email service is not prohibited by international

8 agreement and should thus be ordered by the Court as the means most likely to

9 provide actual notice of this Action to Defendants.  Alternatively, state law provides

10 additional support for this same relief for those Email Defendants that claimed to

11 reside in the United States.

12     **B.**     **Plaintiffs Demonstrate Cause Permitting an Enlargement of Time**

13 **Within Which to Effect Service of Process.**

14       Plaintiffs respectfully request that, pursuant to Rule 6(b), the Court grant a six

15 (6) months enlargement of time within which to effect service of process to allow for

16 the ongoing research and service attempts on the Alleged International Defendants,

17 and to allow Plaintiffs to serve the Email Defendants by email after the current

18 deadline should the Court grant this application.  Plaintiffs anticipate effecting email

19 service within days of the Court's order.

20       "When an act may or must be done within a specified time, the

21       court may, for good cause, extend the time: (A) with or without

22       motion or notice if the court acts, or if a request is made, before

23       the original time or its extension expires…"

24     Fed. R. Civ. P. 6(b)(1)(A).

25

26 [4] Even if the Email Defendants were located in the Ukraine, for example, Courts
have found that email service on defendants located in the Ukraine is not prohibited
27 by an international agreement.  Williams-Sonoma Inc. v. Friendfinder, Inc., 2007
U.S. Dist. LEXIS 31299, **5-6 (N.D. Cal. April 17, 2007).

28

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time      - 11 -

Plaintiffs filed their First Amended Complaint on May 17, 2019.  Accordingly, Plaintiffs are to effect service on all Defendants by August 15, 2019, per Fed. R. Civ. P. 4(m).  Accordingly, Plaintiffs submit their request for an enlargement of time "before the expiration of the period originally prescribed" by Rule 4(m).  Fed. R. Civ. P. 6(b).

Moreover, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m). . . .[as] Rule 4's… period for service 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) *quoting* Henderson v. United States, 517 U.S. 654, 661 (1996).  Further, "'Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that [initial] period.'" Id. *quoting* Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (referring to the former rule's longer 120-days service period, "[o]n its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.").  Pursuant to Fed. R. Civ. P. 4(m), a district court is required to grant an extension of time for service if good cause is shown and permitted to grant such an extension even absent good cause. Mann, 324 F.3d at 1090, n. 2 *citing* Henderson, 517 U.S. at 662.  While Fed. R. Civ. P. 4(m)'s time limit does not apply to foreign service, the Alleged International Defendants' current whereabouts are still being investigated and this request is being made in an abundance of caution in case other means of service may be required.

Here, the facts of the case and Plaintiffs' actions demonstrate good cause for granting an enlargement of time to effect service upon the Alleged International Defendants.  Since the filing of the Complaint and Plaintiffs' first *ex parte* application, and given the Defendants' operations in the United States and their frequent use of overlapping information, Plaintiffs have conducted extensive research to identify and locate the Alleged International Defendants in the United States, to no avail.  Wang Decl. at ¶¶ 4-15.  Among other things, pursuant to the

Court's Orders, Plaintiffs served numerous subpoenas on various of Defendants' third-party service providers.  Id. at ¶¶ 2-3.  While many of the addresses provided by Defendants in this case were on their face invalid, Plaintiffs attempted service repeatedly to numerous different addresses provided by Defendants to their third-party service providers to find and serve all Defendants.  Id. at ¶¶ 5-11.  Plaintiffs further uncovered potentially valid company addresses for Wisemine Trading Ltd. and Sitrol Intertrading Ltd. a/k/a Kekrodi Intertrading Ltd. in Limassol, Cyprus and potentially valid residential addresses for service for Andrey Klimenko, Viktor Boiko, Nina Kozlova, Andriy Stebliv, Volodymyr Shevchun, Larysa Ponomarenko, Liliia Stakhova, Denis Evseev, Oleksandr Bobyr, Roman Kholodov, Andrii Pavlov, Vladyslav Pankov, Tymur Isaiev and Anton Kovalkov in the Ukraine.  Id. at ¶¶ 12-14.  Plaintiffs have also been in the process of validating the various Ukranian addresses provided by the Alleged International Defendants as well as vetting international process servers, all of which indicate that international service may realistically take 4-6 months to complete.  Id. at ¶ 16.  Accordingly, Plaintiffs' efforts to effect service demonstrate their good faith effort to diligently prosecute this Action and good cause for an enlargement of time.

Second, Defendants will not suffer prejudice by virtue of the delayed service.  Plaintiffs have continued to serve, since shortly after filing its original complaint, notice of these proceedings to the addresses associated with the Seller Accounts.  The events leading rise to Plaintiffs' complaint occurred in 2018 and on information and belief, continue to occur to this day.  Further, Plaintiffs are to serve Defendants on or before August 15, 2019.  Plaintiffs request only a brief extension within which to serve the Alleged International Defendants, as should their Application authorizing service of process by email be granted, service as to those Email Defendants can be effected within days.  Accordingly, this is not a significant delay during which memories may fade or evidence be lost that would prejudice

Defendants.  *But see* <u>Efaw</u>, 473 F.3d at 1041 (finding that an extraordinary delay of seven years prejudiced the defendant).

Finally, it is due to Defendants' own actions that Plaintiffs have not yet effected service.  Defendants provided little or false information to Amazon as well as to their third-party service providers in connection with the accounts they use to facilitate their infringing conduct, and their conduct thus far has indicated that they intend to continue to evade detection and service in this matter.  <u>See</u> Wang Decl. at ¶¶ 4-17.  In fact, should the international addresses prove to be similarly invalid, Plaintiffs will promptly return to the Court to request email service as to all remaining defendants so the case can proceed.

Defendants should not be allowed to benefit from their attempts to evade detection and service.  *See* <u>Motley v. Parks</u>, 2001 U.S. Dist. LEXIS 12479, at *17 (C.D. Cal. July 23, 2001) citing Fed. R. Civ. P. 4, Advisory Committee Notes ("Relief may be justified…if the defendant is evading service or conceals a defect in attempted service." <u>Id.</u>); *see also* <u>Mid-Continent Wood Products, Inc. v. Harris</u>, 936 F.2d 297, 303 (7th Cir. 1990) *citing* <u>Nikwei v. Ross School of Aviation, Inc.</u>, 822 F.2d 939, 942 (10th Cir. 1987).  Due to the alleged location of the Alleged International Defendants, Plaintiffs require additional time to serve.  To that end, the Plaintiffs request six (6) months from the date of the order authorizing such service to effect service on the Alleged International Defendants.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant the present Application to effect service of process upon the Email Defendants by email.

Plaintiffs also respectfully request that the Court grant a six (6) month enlargement of time within which to effect service of process as to the Alleged International Defendants, given the Defendants' purposeful evasion of service and their efforts to remain undetected.  During this enlargement of time, Plaintiffs

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time                                                          - 14 -

anticipate effecting service on the Email Defendants by email within days of receipt of the Court's order.

Dated:  August 14, 2019                  Wang Law Corporation

                                         By:  /s/ Annie S. Wang
                                              Annie S. Wang
                                              J. Andrew Coombs, Of Counsel
                                         Attorneys for Plaintiffs Seiko Epson
                                         Corporation and Epson America, Inc.

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time                                                          - 15 -

# DECLARATION OF ANNIE S. WANG

I, ANNIE S. WANG, declare as follows:

1.     I am a member of the Bar of this Court and counsel of record for Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") in this Action. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

2.     Following service of the Court's TRO, Docket No. 12, and in accordance to the Order Granting Application to Extend TRO, Docket No. 41, and Order Granting Preliminary Injunction, Docket No. 48, Plaintiffs served subpoenas on Amazon.com, Inc. ("Amazon") on or about September 19, 2018, November 14, 2018, and December 21, 2018.

3.     Plaintiffs served additional subpoenas to the U.S. based financial institutions and over a dozen UPS Store locations promptly after disclosure by Amazon that they were used or identified by the Defendants and/or Seller Accounts. While many responsive documents have already been received, I anticipate receiving additional responsive documents in the weeks to come.

4.     I am informed and believe that between October 1, 2018 and May 1, 2019, Plaintiffs received subpoena productions from over a dozen UPS Store locations that were designated by the Seller Accounts for the return of product from Amazon. The UPS Store productions, redacted excerpts of which are attached hereto collectively as Exhibit A, identified the following email addresses for the Email Defendants:

| Defendant | Email Address |
|---|---|
| Denis Smotrov | coast0220@gmail.com |
| Denis Smotrov LLC | coast0220@gmail.com |
| Anton Hashynov | antongari1212@gmail.com<br>antongaril1212@gmail.com |
| Laszlo Kedik | laszlokedik@gmail.com |

| | coast0220@gmail.com |
| Andrey Kilmenko | fcalhoun4545@gmail.com |
| | sergysha@gmail.com |
| Viktor Boiko | jakiecollins2@gmail.com |
| Veleriya Kosolapova | depa00777@gmail.com |
| Ihor Kobylinskyi | fox80801@gmail.com |

5.      I am informed and believe that on or about June 15, 2019, Plaintiffs'
process server attempted to serve Defendants Denis Smotrov and Denis Smotrov
LLC at a North Las Vegas, NV 89031 address, the address provided by Smotrov to
UPS Stores 6938, 4424 and 5785, and was informed by the owner of the home that
the subject was unknown.  I also conducted searches on Nevada's Business Portal
website on August 12, 2019, and was not able to find a record for Denis Smotrov
LLC.  Attached collectively hereto as Exhibit B are true and correct copies of
Affidavits of Attempts regarding the service attempts on Defendants Denis Smotrov
and Denis Smotrov LLC as well as my search results for Denis Smotrov LLC on
Nevada's Business Portal from August 12, 2019.

6.      On or about June 18, 2019, Plaintiffs' process server attempted to serve
Defendant Anton Hashynov ("Hashynov") at an address in El Cajon, California
92021, the only address out of three addresses provided by Hashynov to UPS Stores
4204, 0571, 4144, 2725 and 5262 that was a residential address.  This address was
also used by co-Defendant Vladislav Bondarenko and was where Bondarenko was
served.  Plaintiffs' server was informed that Hashynov was unknown to the
occupant.  The other "home" addresses provided by Hashynov appeared to be a gas
station (1158 E. Washington Ave, Escondido, CA 92025) or did not appear to exist
pursuant to a search on the San Diego County Treasurer-Tax Collector's website as
the subject city, El Cajon, is located in San Diego County.  (1735 Marlinda Way, El
Cajon, CA 92021).  Attached collectively hereto as Exhibit C are true and correct
copies of the server's Declaration of Diligence regarding the attempted service on

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time                                                          - 17 -

Hashynov and printouts of the results of the searches my office conducted on the other addresses provided by Hashynov.

7.      On or about June 21, 2019, Plaintiffs' process server attempted to serve Defendant Laszlo Kedik ("Kedik") at 738 S. Waterman Ave., #6251, San Bernardino, CA 92408, one of the addresses Kedik provided to UPS Store 4650. Plaintiffs' server was unable to serve Kedik as the address was vacant.  I am informed and believe the address 9190 Double Diamond Pkwy, Reno, NV 89527 provided by Kedik to UPS Store 3286 was the location of a virtual office.  On or about August 5, 2019, at my instruction, my office called the virtual office who identified themselves as DaVinci Partners, and my office was informed that Kedik was a past, but not current tenant.  Notably, the email address Kedik provided to UPS Store 4650 was the same as that used by co-Defendant Smotrov.  Attached hereto as Exhibit D is a true and correct copy of the server's Not Found or Non Service Return form regarding service on Kedik.

8.      On or about June 13, 2019, and August 12, 2019, my office contacted process servers located in Florida regarding service on Defendant Andrey Klimenko ("Klimenko") at 3493 Abaco Drive, Tavares, Florida 32778, an address Klimenko provided to UPS Store 4455.  Upon review and research, the process servers both determined that the address is invalid and they were not able to effect service on Klimenko.  Attached collectively hereto as Exhibit E are true and correct copies of the process server's executed returns indicating there was no such house number on the identified street.

9.      On or about June 18, 2019, Plaintiffs' process server attempted to serve Defendants Viktor Boiko ("Boiko") and Veleriya Kosolopova ("Kosolopova") in La Mesa, CA 91942, to the address identified by Boiko to UPS Stores 5671 and 4144, and the same address identified by Kosolopova to UPS Store 0008.  Boiko also identified this address to UPS Store 4287, though without the unit number.

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of
Time                                                                                   - 18 -

Plaintiffs' process server was unable to serve Boiko or Kosolopova as he was informed that unit number #34 is not a valid unit number.  However, Boiko provided as proof of identification, an alleged International Driver's License which reflected an address in Brovary, Ukraine.  Attached collectively hereto as Exhibit F are true and correct copies of the process server's Declarations of Diligence regarding his service attempts on Boiko and Kosolopova.

10.     On or about June 20, 2019, Plaintiffs' process server attempted to serve Defendant Ihor Kobylinksyi ("Kobylinksyi") at an address in San Jose, California 95123, the address identified by Kobylinksyi to UPS Store 1561.  Plaintiffs' process server was informed by the leasing office specialist that Kobylinksyi moved out in November 2017.  I am informed and believe that Plaintiffs also attempted to serve Kobylinksyi at an address in Brooklyn, NY 11218 between July 3, 2019 to July 8, 2019, which was an address obtained from a public records search.  Despite multiple attempts to serve Kobylinksyi, Plaintiffs' process server has been unable to effect service and believes Kobylinksyi is evading service.  Attached collectively hereto as Exhibit G are true and correct copies of the process servers' Declarations of Diligence regarding service attempts on Kobylinksyi at both addresses.

11.     On or about June 19-23, 2019, Plaintiffs' process server attempted to serve Defendant Iurii Ganychenko ("Ganychenko") at a San Jose, CA 95134 address identified by his financial institution in response to a subpoena as well as public records searches conducted by my office, but the server was informed by the occupant that the subject was unknown.  Thereafter, the process server attempted service at a San Jose, CA 95123 address also identified by his financial institution in response to a subpoena as well as public records searches conducted by my office, but there was no response at the door after numerous service attempts.  Despite multiple attempts to serve Ganychenko, Plaintiffs' process server has been unable to effect service.  I continue to meet and confer with Ganychenko's financial institution

for additional information regarding Ganychenko, however, a further public records search indicated that Ganychenko uses the email address iurii_ganychenko@ukr.net as it was identified in connection with a published paper he authored and which was found with details disclosed in publicly posted biographies for "Iurii Ganychenko" and his wife's social media posts.  Attached collectively hereto as Exhibit H are true and correct copies of a redacted excerpt of the document production from Ganychenko's financial institutions, a printout from the California Secretary of State's website regarding 14C LLC, a company managed by Ganychenko, and obtained by my office on or about July 24, 2019, the process servers' Declarations of Diligence regarding service on Ganychenko at both addresses identified, and the first page of the published paper identifying the email address iurii_ganychenko@ukr.net.

12.     I am informed and believe that on or about December 6, 2018 and February 21, 2019, Plaintiffs received productions from USFOREX, Inc. ("USFOREX") in response to Plaintiffs' subpoenas dated November 8, 2018 and January 10, 2019.  I am informed and believe that USFOREX has a San Francisco office and specializes in facilitating the transfer of money received from Amazon seller accounts to overseas recipients.  USFOREX was identified after two rounds of subpoenas as receiving accounts for the Seller Accounts identified by Amazon and the bank associated with a number of the Seller Accounts.  I am further informed and believe that USFOREX identified Defendant Wisemine Trading Ltd. ("Wisemine") with contact address of "SK House, 61 Spyrou Kyprianou Street, Limassol 4003, Cyprus" and Defendant Oleksandr Benedychuk ("Benedychuk") as Wisemine's account admin and director with email address "o.benedychuk@yahoo.com" in response to Plaintiffs' subpoena.  There was no personal address information provided for Benedychuk and the SK House address appears to be affiliated with a law firm pursuant to a search my office conducted on Google Maps.  Pursuant to public records searches, a Ukranian address for Benedychuk from 2016 was found in

connection with a different Nevada entity, but that entity's status was revoked in 2017, and the Ukranian address could not be found on Google Maps pursuant to searches my office conducted at my direction.  Attached collectively hereto as Exhibit I is a true and correct redacted excerpt of the account particulars provided by USFOREX for Defendant Wisemine, as well as true and correct copies of a printout from Nevada's Business Portal identifying Benedychuk's address in the Ukraine from 2016, and printouts from Google Maps for the address for "SK House" and the address identified in the Nevada's Business Portal for Benedychuk.

13.    I am informed and believe that the same aforementioned subpoena productions from USFOREX also identified Defendant Sitrol Intertrading Ltd. a/k/a Kekrodi Intertrading Ltd. ("Sitrol") with the company contact address in Limassol 4131, Cyprus and Defendant Vasyl Kedik ("V. Kedik") with email address "sitrol.company@gmail.com".  There was no personal address information provided for V. Kedik.  Attached hereto as Exhibit J is a redacted copy of the account particulars provided by USFOREX for Defendant Sitrol.

14.    I am informed and believe that between October 5, 2018 and August 14, 2019, Plaintiffs received productions from First Century Bank ("FCB") in response to Plaintiffs' subpoenas dated September 27, 2018, January 10, 2019 and April 25, 2019.  As reflected by the redacted excerpts of the FCB productions attached collectively hereto as Exhibit K, FCB identified the following Defendants as the account holders for financial accounts linked to the Amazon Seller Accounts (as reported by Amazon):

| Defendant | Reported City, Country, and Email Address Information |
|---|---|
| Andrey Klimenko | Kharkiv 61100 Ukraine<br>andreyklimenko408@gmail.com |
| Nina Kozlova | Kharkiv, 61121 Ukraine<br>thesophisticatedimage@gmail.com |
| Andriy Stebliv | Kharkiv 61098 Ukraine<br>andriystebliv@yahoo.com |

| | |
|---|---|
| Volodymyr Shevchun | Kharkiv 61045 Ukraine<br>glorybonus@gmail.com |
| Larysa Ponomarenko | Kyiv 04205 Ukraine<br>larysa.ponomarenko@ukr.net |
| Liliia Stakhova | Kharkiv 61072 Ukraine<br>Lil.stakhova@gmail.com |
| Denis Evseev | Kharkov 61018 Ukraine<br>evseevden@i.ua |
| Oleksandr Bobyr | Kharkiv, 61070 Ukraine<br>bobyrfactory@gmail.com |
| Roman Kholodov | Kharkiv 61015 Ukraine<br>holodholodsales@gmail.com |
| Andrii Pavlov | Kharkiv, 61111 Ukraine<br>pavlovtheory1@gmail.com |
| Vladyslav Pankov | Kharkiv 61045 Ukraine<br>pankformat@gmail.com |
| Tymur Isaiev | Kharkiv, 61038 Ukraine<br>jhalpert1925@gmail.com |
| Anton Kovalkov | Kharkov, 61051 Ukraine<br>kovalkovanton86@gmail.com |

15.    At my direction, public records searches were conducted on the above addresses in the Ukraine and Cyprus via Google Maps and third-party sites with mixed results.  As a result, I have contacted internationally based individuals to research the above addresses to determine if they are valid.  I have also contacted multiple international process servers and am informed that once valid addresses are found, in order to serve the Alleged International Defendants in compliance with the Hague Convention, if applicable, translations may be required, and service attempts and proof of service returns realistically take 4-6 months.

16.    At my direction, my office researched numerous public information sources and was unable to find additional valid addresses for the Email Defendants for purposes of service.  The requested Order granting Plaintiffs' Application for an Order Authorizing Service of Process on the Email Defendants by email is the only remaining method available to effectively serve the Email Defendants.

Seiko Epson Corporation, et al. v. Benedychuk, et al.:<br>*Ex Parte* App. For Order Re Service by Email and Enlargement of Time

- 22 -

17.     As reflected in the accompanying proof of service filed concurrently, Plaintiffs have, in an abundance of caution, served copies of the present Application on the email addresses associated with the Amazon.com Seller Accounts that were used in the underlying infringement as well as on Defendant Bondarenko by First Class Mail and email and have notified them that any opposition papers must be filed no later than 24 hours (or one court day) following such service.  Pursuant to Local Rule 7-19, there have been no responses or contacts from any of the Seller Account email addresses, any of the Defendants, or anyone representing the Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August 2019, at La Cañada Flintridge, California.


    __/s/ Annie S. Wang_____
    Annie S. Wang

Seiko Epson Corporation, et al. v. Benedychuk, et al.:
*Ex Parte* App. For Order Re Service by Email and Enlargement of Time

- 23 -

## <u>DECLARATION OF HERB SEITZ</u>

I, HERB SEITZ, declare as follows:

1.     I am over 18 years of age and am a licensed independent investigator.  I have provided investigation services to Epson America, Inc. ("Epson America") for intellectual property enforcement, including anti-piracy and anti-counterfeit enforcement since 2000.  I am familiar with genuine, authorized Epson products and am able to differentiate between genuine, authorized Epson products and those products that are counterfeits and make unauthorized use of the trademark rights owned and registered by Epson.  Prior to my work with Epson America, I spent over 29 years with the Los Angeles Police Department before retiring as the Officer in Charge of Investigations in the Anti-Terrorism Division.  I have over 40 years of investigative experience including over 20 years as a licensed private investigator in the state of California.  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.     I am informed and believe that in response to subpoenas, Amazon.com, Inc. provided the addresses designated for the return of product by the Amazon Seller Accounts, where available.  All of those addresses appeared to be UPS Store locations, the majority of which were located in Southern California, though a few appeared to be located in New Jersey, and one in Florida.

3.     I continue to investigate the Defendants in this case, including researching the information provided to the UPS Store locations, among other things, but have not found additional addresses for Defendants that are valid for service of process.

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of August 2019 at Huntington Beach, California.

Herb Seitz

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the State of California. My business address is 1150 Foothill Boulevard, Suite E, La Cañada Flintridge, California 91011.

On August 14, 2019, I served the:

**PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER FOR ALTERNATIVE EMAIL SERVICE, AND FOR EXTENSION OF TIME TO SERVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS AND EXHIBITS IN SUPPORT**

**[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER FOR ALTERNATIVE EMAIL SERVICE, AND FOR EXTENSION OF TIME TO SERVE**

in the following action:

<u>Seiko Epson Corporation, et al. v. Seller Account ADUNIS, et al.</u>

___X___ by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at La Cañada Flintridge, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> Vladislav Bondarenko
> 1906 Marlinda Way
> El Cajon, California 92021

___X___ by email to the following:

| Seller Name | Email Address |
|---|---|
| Seller Account ADUNIS | adonis.dud@gmail.com |
| Seller Account ALIMOSH | alimosh.rus@gmail.com |

| | |
|---|---|
| Seller Account APILET | apilet.cindy@gmail.com |
| Seller Account BARBUS | barbus.de@gmail.com |
| Seller Account BNILON | bnilon.my@gmail.com |
| Seller Account Buy And Smile | glorybonus@gmail.com |
| Seller Account IPAOLIK | ipaolik.bolik@gmail.com |
| Seller Account LATIK | latik.ma@gmail.com |
| Seller Account LEVITAK | levita.korol@gmail.com |
| Seller Account LINDOS | lindos.igor@gmail.com |
| Seller Account LIRI0 | liri0.kan@gmail.com |
| Seller Account LISITSA | lisitsa.ton@gmail.com |
| Seller Account MARULA | marula.zara@gmail.com |
| Seller Account NEVIS | nevis.mann@gmail.com |
| Seller Account NORTONN | norton.reb@gmail.com |
| Seller Account PALISOTA | palisota.step@gmail.com |
| Seller Account PINTURAS | pinturas.4554@gmail.com |
| Seller Account RIALTI | rialti.and.klim@gmail.com |
| Seller Account RITTEL | rittel.horn@gmail.com |
| Seller Account RUMBIK | rumbik.rad@gmail.com |
| Seller Account SHALIM | shalim.7har@gmail.com |
| Seller Account SHOPIF | shopif.di@gmail.com |
| Seller Account SITROL | sitrol.ashley@gmail.com |
| Seller Account TOPSI | topsi.amanda@gmail.com |
| Seller Account TRELONI | treloni.val@gmail.com |
| Seller Account VELIKUN | velikun.tar@gmail.com |
| Seller Account Zsorellina | sorellinalay@gmail.com |
| Seller Account BLISTERY | blister.pitt@gmail.com |
| Seller Account BAYKUN | baykunw@gmail.com |
| Seller Account KHILON | khilon.ant@gmail.com |
| Vladislav Bondarenko | vladbond77@gmail.com |

Place of emailing: La Cañada Flintridge, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 14, 2019, at La Cañada Flintridge, California

Katrina Akim